MATTER OF GROSS

In Section 212(e) Proceedings

A-17133431

*Decided by Regional Commissioner July 11, 1969*

Applicant's compliance with the foreign residence requirement would result in exceptional hardship to her United States citizen husband within the meaning of section 212(e) of the Immigration and Nationality Act, as amended, where the citizen husband, recently discharged from the U.S. Army, intends to seek a college degree utilizing the educational benefits which inured to him thereunder.

ON BEHALF OF APPLICANT:    Harold L. Volkmer, Esquire
                                     120 North Third Street
                                     Hannibal, Missouri 63401

This case is before me on appeal from the decision of the District Director, who denied the application on the ground that compliance with the "two-year" rule would not result in exceptional hardship to the applicant's spouse.

The applicant is a citizen of Thailand, born March 12, 1944. She was admitted to the United States temporarily on June 22, 1966 as an exchange alien. On September 1, 1968 she graduated from Texas Women's University with a degree in Biology. On September 6, 1968 she married Charles Richard Gross, a United States citizen.

The applicant's husband was born at Greensboro, North Carolina. He was honorably discharged from the United States Army November 10, 1968 after serving since May 4, 1965. From May 30, 1966 until April 19, 1967 he served in Vietnam as a helicopter pilot.

Section 212(e) provides, in part, as follows:

. . . upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive

322

the requirement of such two-year foreign residence abroad in the case if any alien whose admission to the United States is found by the Attorney General to be in the public interest . . .

The applicant desires to utilize his rights as a veteran, to attend college seeking a degree as Marine Biologist. In addition to the educational assistance he would receive under the "G.I. Bill," his wife will be able to assist. She is presently employed as a medical technologist earning $600 a month.

The applicant's spouse could not proceed with his education if he were to accompany her abroad. If he were to remain in the United States while she returned to Thailand for two years, he would be required to pay transportation and to support two households. He would also lose the assistance his wife could afford him in the United States. Veterans educational benefits usually expire eight years after the date of discharge. Delay in commencing to use his educational benefits could result in their expiration before he completed his education. In view of the fact that these educational benefits have been given the applicant's spouse as a right, in recognition of his service as a member of the armed forces, we believe interference with the use of these benefits does constitute "exceptional hardship" to the United States citizen spouse, as contemplated by the statute. We believe the waiver should be granted.

*It is ordered* that the appeal be sustained and that the District Director seek the recommendation of the Department of State.

*It is further ordered* that the case be processed to completion consistent with this order and the recommendation of the Department of State.